TAYLOR ET AL. *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 111, September Term, 1960.]

*Decided January 12, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Lee W. Bolte* and *John B. Robins,* with whom were *John L. Sanford, Jr., Robins & Robins, Stanley G. Robins,* and *Henry P. Walters* on the brief, for appellants.

*Richard M. Pollitt, Special Attorney,* with whom were *C. Ferdinand Sybert, Attorney General, Joseph D. Buscher,*

*Special Assistant Attorney General,* and *William H. Price, Special Attorney,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal by the owners and lessees of a parcel of land, located in Worcester County, from a jury award in a condemnation proceeding by the State Roads Commission.

The award was $49,050 damages to the owners for the taking of 13.66 acres of a small farm containing 66 acres, and $450 damages to the lessees.

The appellants dispute the correctness of the trial court's ruling in permitting a real estate broker and appraiser, whose qualifications as an expert were unchallenged, to testify to two sales of other properties located in the vicinity of the property taken. After stating his opinion as to the damages suffered by the appellants as a result of the taking, the appraiser testified, over objection, to the purchase price given for a similar property in a sale made five years, one and one-half months prior to the institution of the condemnation proceeding. The appellants' only objection to this sale is a claimed lack of proximity as to time. They concede that under proper circumstances, the purchase price of a sale made five years before a taking is proper, admissible evidence insofar as proximity in time is concerned, but contend that a hard and fast rule should be laid down by this Court stating that five years, under any and all circumstances, is the maximum. The only basis for this contention is a claim that this Court "has indicated *obiter* its approval of a five-year limitation" in *Pumphrey v. State Roads Comm'n,* 175 Md. 498, 2 A. 2d 668, and *Bergeman v. State Roads Commission,* 218 Md. 137, 146 A. 2d 48. This Court has stated, and repeatedly restated, the rule in Maryland. Among the cases, see *Patterson v. Baltimore,* 127 Md. 233, 241, 96 A. 458; *Williams v. N. Y. P. & N. R. Co.,* 153 Md. 102, 108, 137 A. 506; *Bergeman v. State Roads Commission, supra.* In the recent case, *Lustine v. State Roads Commission,* 217 Md. 274, 142 A. 2d 566, we stated:

> "We are aware that there is considerable latitude in the exercise of discretion by the lower court in

determining comparable sales. * * * We think it the better policy, where there are any reasonable elements of comparability, to admit testimony as to the sales, and leave the weight of the comparison for the consideration of the jury, along with such distinguishing features as may be brought out on cross-examination or otherwise."

The rule, as thus stated, conforms with the great weight of authority elsewhere. *Wassenich v. City and County of Denver*, 186 P. 533, 536-537 (Colo.); 1 *Orgel, Valuation Under the Law of Eminent Domain* (2nd Ed.), Section 139, note 17; 5 *Nichols, Eminent Domain* (3rd Ed.), Section 21.31[2]. It is stated in this paragraph of Nichols that, "[t]here is no fixed space of time within which sales must have taken place to be admissible and much depends upon the circumstances of each case, * * *. More latitude should be allowed when the movement of real estate in the neighborhood has been slow, and it is impossible to secure evidence of sales in the vicinity really close to the time of the taking." As this particular sale was the only one of small farm acreage testified to by any of the experts, it may be reasonably inferred that sales of such property had not been numerous in the locality.

We reaffirm the rule as stated in *Lustine, supra,* and hold that the trial court did not abuse its discretion in admitting the evidence relative to this sale.

With respect to the second sale, the appellants raise three questions: (a) that no proper foundation for its admission was laid; (b) that the court had sustained their objection to a sale similar to the one now under consideration, and, therefore, should have sustained their objection to this one also; and (c) that the subject property was unzoned, and, although the record is silent as to any zoning of the lots involved in this second sale, it must be inferred that they were "residential" in nature, which demonstrated that they were not comparable to the subject property; hence the evidence relating to their sale was not admissible.

(a)

This is a technical objection based on the argument that

the real estate expert was permitted to testify to the purchase price of Lots 4, 5, and 6 in Block "G" located on Fifteenth Street and Snow Hill Lane, without stating that the location of these streets was in Pocomoke City. The objection made to the sale at the trial was a general one, and no specific request was made that the witness be required to pin-point the location of the lots on direct examination, nor was he questioned concerning the same on cross-examination. The witness immediately before had been testifying concerning other lots that were located in Pocomoke City. The appellants, in their brief, state that they know, of their own personal knowledge, that the lots referred to were located in Pocomoke City. We think the evidence produced was sufficient to support a rational inference that the lots were located in Pocomoke City. Moreover, courts frequently, under proper circumstances, take judicial notice of geographical locations. *Iozzi v. State*, 223 Md. 42, 166 A. 2d 257. There was no error here.

(b)

This contention requires but little elaboration. It is difficult to conceive of a situation where the appellants could suffer any prejudice by reason of the court's overruling their objection to evidence relating to one sale on the sole ground that the court had previously sustained *their* objection to a prior similar sale. However, even the premise is wrong. The court sustained the objection to the testimony relating to the previous sale on the ground that the property involved therein was not comparable, as it was improved and the subject property was unimproved. Again there was no error.

(c)

Here, too, it is difficult to follow the reasoning of the appellants. The record shows that the subject property was unzoned, but it does not disclose how the lots involved in this second sale were zoned, if at all. In any event, the evidence produced by both sides was to the effect that the highest and best use to which the frontage on Route 13 of the subject property could be put was its sale as commercial building lots, and the Commission's real estate appraiser considered the

entire frontage as commercial building lots in his estimate of damages suffered by the appellants. And in addition, this witness warned the jury, before testifying to any of the sales, as follows: "The sales supporting some of these estimates (the witness') were quite weak, in my opinion. They had to be rounded. They had to be adjusted for date." Again, the appellants fail to show an abuse of discretion by the trial judge, or any prejudice to them resulting from his ruling on the question under consideration. *Hance v. State Roads Commission*, 221 Md. 164, 156 A. 2d 644.

> *Judgment affirmed, the appellants to pay the costs.*